# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ANTHONY LAMONT JONES,

        Petitioner,

v.                                                                                                                Case No. 09-CV-0451

GREGORY GRAMS,

        Respondent.

_____

## ORDER

Petitioner Anthony Lamont Jones ("Jones") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court convictions on one count of first degree reckless homicide while armed and two counts of first degree recklessly endangering safety while armed. Jones was convicted in Milwaukee Country Circuit Court on November 23, 2004, and was sentenced to aggregate concurrent sentences totaling thirty years of initial confinement and ten years of extended supervision. On May 5, 2009, Jones filed the instant § 2254 petition, which is now before the court for a Rule 4 screening. However, the court cannot screen Jones's petition because he failed to provide copies of the applicable state court decisions, as directed in the Eastern District of Wisconsin § 2254 form. Therefore, the court will order Jones to submit the appropriate state court decisions within thirty days.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of

the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

As part of the Rule 4 review, the court examines whether Jones has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

The court cannot determine whether Jones exhausted his available state remedies because he has not provided copies of the state court decisions. Jones asserts in his petition that he raised claims for ineffective assistance of counsel and for an unknowing and involuntary guilty plea before each of the appropriate state courts. However, the court cannot verify that he has done so. Indeed, based strictly on the information before the court, Jones has not exhausted his ineffective assistance of counsel claim.

Though Jones did not attach the applicable state court decisions, this court independently located the Wisconsin Court of Appeals decision regarding Jones's direct appeal. *See State v. Jones*, No. 2007AP1464-CR, 2008 WL 2466444 (E.D. Wis. June 17, 2008). In that decision, the Wisconsin Court of Appeals does not address an ineffective assistance of counsel claim. Instead, the court addresses Jones's appeal from his judgment of conviction and the circuit court's order denying his second post-conviction motion to withdraw his guilty pleas on an alternative basis. *Id.* at *1. Jones's second post-conviction motion was purposefully *not* premised upon ineffective assistance of counsel. *Id.* at *5 n.8 ("On appeal, as before the circuit court, Jones unequivocally disavows any reliance on ineffective assistance of counsel as a basis for relief"). Instead, Jones argued that his pleas constituted a manifest injustice because he had a reasonable belief that his attorney was unprepared for trial, which compelled him to resolve the charges by pleading guilty. *Id.* at *3. Thus, based on the only Wisconsin Court of Appeals decision before this court, Jones has not presented an ineffective assistance of counsel claim to the state appellate court.

Additionally, Jones seeks leave to proceed with his § 2254 petition in forma pauperis. In connection with this request, Jones submitted his prison account statement from the previous six month period. The account statement indicates that his average monthly balance is $247.22 and that his monthly deposits average $73.31. These figures do not show an inability to pay the nominal $5.00 filing fee. *See Ware v. Page*, No. 97-C-260, 1997 WL 43201, at *1 (N.D. Ill. Jan. 27, 1997) (noting that "this Court has yet to encounter a prisoner who is unable to muster up the extraordinarily modest $5 fee for a [habeas] petition"). Therefore, Jones shall pay the $5.00 fee to the clerk of this court within thirty days from the date of this order.

Accordingly,

**IT IS ORDERED** that Jones's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Jones shall **submit within thirty (30) days** from the date of this order all state court decisions pertaining to the conviction he challenges in his petition. Failure to do so will result in the dismissal of his petition without further notice from the court.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge